```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ROMAN THOMAS,                       :     Civ. A. No. 10-133(NLH)(AMD)

      Plaintiff,              :

           v.                    :     **OPINION**

CITY OF CAMDEN THROUGH ITS          :
POLICE DEPARTMENT,
SERGEANT ALVIE GRIMES,              :
INVESTIGATOR BRIAN RICE,
SERGEANT JEFFREY CRAIG,             :
INVESTIGATOR JEFFREY DUNLAP,
INVESTIGATOR TERRY KING, and        :
JOHN DOES 1-10,
                                    :

      Defendants.             :

**APPEARANCES**:

WILLIAM H. BUCKMAN
110 MARTER AVENUE
SUITE 209
MOORESTOWN, NJ 08057

    On behalf of plaintiff

JOHN C. CONNELL
JOHN PATRICK KAHN
ARCHER & GREINER P.C.
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033

    On behalf of defendants Alvie Grimes, Jeffrey Craig, Jeffrey
    Dunlap, and Terry King

**HILLMAN, District Judge**

    Presently before the Court is the motion of defendants Alvie Grimes, Jeffrey Craig, Jeffrey Dunlap, and Terry King for judgment on the pleadings on plaintiff's claims that they violated his federal and state constitutional rights for

maliciously prosecuting him.[1]  For the reasons expressed below, defendants' motions will be granted.

## BACKGROUND

Plaintiff, Roman Thomas, claims in his First Amended Complaint that on April 20, 2004 defendants Alvie Grimes, Jeffrey Dunlap, and Terry King, investigators for the Camden County Prosecutor's Office, and Jeffrey Craig, an investigator for the Burlington County Prosecutor's Office, caused a criminal charge to be filed against him alleging a second degree conspiracy to distribute over five pounds of marijuana.[2]  The charge was

---

[1] The complaint is in four counts.  Count One alleges malicious prosecution in violation of 42 U.S.C. § 1983, Count Two alleges conspiracy to maliciously prosecute, and Count Four alleges the malicious prosecution violated the state constitution. As set forth *infra*, Count Three names only the City of Camden and was previously dismissed.

[2] Plaintiff has also lodged this claim against the City of Camden, Brian Rice, who was a Chesilhurst Police Department police officer and member of the Narcotics Task Force for the Camden County Prosecutor's Office, and John Does 1-10.  The City of Camden was terminated as a party when plaintiff filed an amended complaint.  As for Rice, although it appears that plaintiff served Rice with his complaint, Rice has not appeared in the action.  The Court finds, however, that plaintiff's claims against Rice fail for the same reasons as they fail against the moving defendants, and, therefore, judgment in Rice's favor must be entered. See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (providing that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action").  The claims against the John Doe defendants also fail for the same reasons, and must be dismissed. See Hindes v. F.D.I.C., 137 F.3d 148, 155-56 (3d Cir. 1998) (citing Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1534-35 (E.D. Pa. 1990) (noting that Federal Rules do not contemplate a plaintiff

dismissed on January 10, 2008.  Plaintiff claims that this criminal charge constituted malicious prosecution, in violation of his federal and state constitutional rights.

Defendants have moved for judgment on the pleadings, arguing that plaintiff's claims for malicious prosecution fail because he cannot meet the elements of such a claim against any of the defendants.  Defendants also contend that they are entitled to qualified immunity on plaintiff's federal constitutional claims.  Plaintiff has not opposed defendants' motion.

## DISCUSSION

### A.   Subject Matter Jurisdiction

Plaintiff has brought federal constitutional claims pursuant to 42 U.S.C. § 1983, as well as claims under New Jersey law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over plaintiff's related state law claims under 28 U.S.C. § 1367.

### B.   Standard for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.  Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  In analyzing a Rule 12(c) motion, a court applies the same legal

---

proceeding without a tangible defendant except in extraordinary circumstances), aff'd on other grounds, 946 F.2d 202 (3d Cir. 1991); Breslin v. City and County of Philadelphia, 92 F.R.D. 764 (E.D. Pa. 1981) (dismissing complaint against identified defendants warrants dismissing unnamed defendants)).

3

standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at 428.

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also

4

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**C.  Analysis**

Plaintiff's state and federal constitutional violation claims against defendants are all based on his allegation that he was maliciously prosecuted for a drug distribution conspiracy charge.[3]  According to plaintiff's complaint, on April 20, 2004, defendant Craig and other unidentified officers came to

---

[3]Although in his recitation of facts, plaintiff alleges, "Prior to this false arrest Plaintiff had absolutely no contact with the criminal justice system" (Compl. ¶ 25), plaintiff has not pleaded a count for false arrest.

5

plaintiff's house to arrest plaintiff for second degree conspiracy to distribute over five pounds of marijuana.[4] Plaintiff was at work.  His wife called him at work so that he could speak with Craig.  Plaintiff told Craig there must be a misunderstanding, but Craig instructed plaintiff to call defendant Grimes.  Grimes instructed plaintiff to immediately go to the Camden County Prosecutor's Office within twenty minutes, or a police officer would be sent to plaintiff's place of employment and he would be arrested there.

Plaintiff arrived that the Camden County Prosecutor's Office at 8:10am.  The front desk person said she would contact Grimes.  Two unidentified officers came to greet plaintiff, and took him into a dark room and frisked him.  No contraband was found, and plaintiff was handcuffed.  One of those officers transported plaintiff by minivan to what appeared to be a post office warehouse.  There, he was photographed, and he signed a consent form to search his house.  Unidentified officers then drove plaintiff to his home.  His house was searched, and no contraband was found.

After the search, plaintiff was transferred back to the

---

[4] The complaint is silent as to the time of the officer's visit.  Other facts pled suggest they arrived early in the morning.  The complaint is silent as to whether the officers had an arrest warrant.  The complaint does not allege that they did not.

6

Camden County Prosecutor's Office and interviewed by Grimes and defendant Rice. Plaintiff claims that even though the investigation revealed that he was in no way involved in a conspiracy to distribute marijuana, defendants King and Dunlap signed a complaint against plaintiff for the conspiracy charge.[5] The charge was dismissed on January 10, 2008.

Defendants have moved for judgment on plaintiff's malicious prosecution claims against them. To prove malicious prosecution under the Fourth Amendment,[6] a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal

---

[5] Once again, the complaint is not the model of clarity. Perhaps this paragraph could be read to allege that King and Dunlap caused Plaintiff to be arrested without a warrant or pre-existing charge and then, having already arrested him, charged him without probable cause. This is all supposition, however, as the complaint fails to lay out in even minimally sufficient detail who initiated the arrest and prosecution, in what order it occurred and by what legal processes. These should not be mysterious events or guessed at by the Court.

[6] Because the analysis of claims under state constitutional law is similar to the analysis under the Fourth Amendment, no separate analysis will be undertaken for plaintiff's claims arising under the New Jersey Constitution. See Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000) (granting defendants' motion for summary judgment on plaintiffs' claims under Article I, paragraph 7 of the New Jersey Constitution, because it was already established that there was no federal constitutional violation) (citing Desilets v. Clearview Regional Bd. of Educ., 627 A.2d 667, 673 (N.J. Super. Ct. App. Div. 1993) ("We are not persuaded that the New Jersey Constitution provides greater protection under the circumstances of this case than its federal counterpart. We note that in its *T.L.O.* opinion the New Jersey Supreme Court analyzed the search and seizure issue under the Fourth Amendment to the United States Constitution, and did not suggest that New Jersey's organic law imposed more stringent standards.")).

proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (footnote omitted).

Plaintiff's complaint has only provided bare-bones legal conclusions, little or no facts to support his malicious prosecution claim, and it fails as to all defendants for several reasons.  As a primary matter, to hold defendants liable for civil rights violations, they must have had personal involvement in the alleged wrongs.  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  These allegations of participation or actual knowledge and acquiescence "must be made with appropriate particularity."  Id.  Except with regard to defendants King and Dunlap, plaintiff has failed to do so.

Next, with regard to whether any defendant initiated a criminal proceeding against plaintiff, plaintiff states that "despite a lack of evidence to support the criminal charge," King and Dunlap signed a complaint against him for the drug distribution conspiracy charge.  A prosecutor is generally

responsible for initiating a proceeding against a defendant, but a police officer can be considered to have done so if he or she "knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." White v. Brommer, --- F. Supp. 2d ----, 2010 WL 3855545, *7 (E.D. Pa. Sept. 30, 2010); Gatter v. Zappile, 67 F. Supp. 2d 515, 521 (E.D. Pa. 1999) (citing Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994)); Morales v. Busbee, 972 F. Supp. 254, 263 n.4 (D.N.J. 1997).  In this case, plaintiff does not allege that King or Dunlap, or any other defendant officer, provided false information to the prosecutor or interfered with the prosecutor's decision to formally charge plaintiff.  Thus, plaintiff's malicious prosecution claims against all defendants fail on this basis alone.

Plaintiff's complaint is also deficient as to other elements of a malicious prosecution claim.[7]  In his complaint, plaintiff claims that there was a lack of evidence to support the criminal charge brought against him, which the Court interprets as his allegation that probable cause was lacking.  "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt.  Rather, probable cause to arrest

---

[7]Plaintiff properly pleads that the required element that the proceeding ended in his favor.

9

exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995) (citations omitted). Other than stating the legal conclusion that the criminal charge was filed without evidence, plaintiff has provided nothing to show how the "facts and circumstances" of the situation appeared to any defendant, and how it would be unreasonable for any defendant to believe under those facts and circumstances that plaintiff had acted criminally. This dearth of any substantive detail to the third element of plaintiff's malicious prosecution claims is also singularly fatal to their viability.

Similarly, plaintiff has not articulated any facts that would show that any defendant acted with malice. "Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." Morales v. Busbee, 972 F. Supp. 254, 261 (D.N.J. 1997) (citation omitted) (also explaining that the element of malice may also be inferred from a lack of probable

10

cause). The lack of any allegations as to the fourth[8] element of plaintiff's malicious prosecution claims casts the final strike against their viability.

## CONCLUSION

Because plaintiff has failed to provide more than "bald assertions" or "legal conclusions" in his complaint in support of his malicious prosecution claims against the defendants, defendants are entitled to judgment in their favor.[9] An Order consistent with this Opinion will be entered.

Dated: June 29, 2011 /s/ NOEL L. HILLMAN

At Camden, New Jersey NOEL L. HILLMAN, U.S.D.J.

---

[8]We assume, without deciding, that plaintiff's claims that he was handcuffed and transferred to a warehouse, his home, and then back to the Prosecutor's Office, sufficiently alleges a deprivation of liberty consistent with the concept of seizure. See, e.g., Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998) (finding that the plaintiff's post-indictment liberty was restricted--and constituted a "seizure"--in the following ways: he had to post a $10,000 bond, he had to attend all court hearings including his trial and arraignment, he was required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania).

[9]The Court does not need to consider defendants' qualified immunity argument.